UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

WAYNE BRISBANE,                                    Case No. 16 CV 384
                                    Plaintiff,
                                                   **COMPLAINT**

        -against-
                                                   JURY DEMAND

THE CITY OF NEW YORK, P.O. TEROME
PARHAM [SHIELD # 14559], SERGEANT
JOHN BOYCE [TAX REG. # 943015], and
JOHN DOE AND JANE DOE #1-3 (the
names John and Jane Doe being fictitious,
as the true names are presently unknown),
                                    Defendants.
--------------------------------------------------------------X


Plaintiff, WAYNE BRISBANE, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, P.O. Terome Parham
[Shield # 14559], Sergeant John Boyce [Tax Reg. # 943015] and John Doe and Jane Doe
#1-3 (collectively, "defendants"), respectfully alleges as follows:

1.      This is an action at law to redress the deprivation of rights secured to the
        plaintiff under color of statute, ordinance, regulation, custom, and/or to
        redress the deprivation of rights, privileges, and immunities secured to the
        plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution
        of the United States, and by Title 42 U.S.C. §1983, [and arising under the
        law and statutes of the City and State of New York].

                                    JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
        U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the
        Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the
        Eastern District of New York, venue is proper in this district pursuant to 28
        U.S.C. §1391 (b) and (c).

## THE PARTIES

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      At all relevant times, defendants P.O. Terome Parham [Shield # 14559], Sergeant John Boyce [Tax Reg. # 943015] and John Doe and Jane Doe #1-3 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6.      At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8.      Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      On or about August 23, 2015, at approximately 11:00 a.m., defendant officers, acting in concert, arrested plaintiff without cause on Jamaica Avenue, at or close to its intersection with 163rd Street, Queens, New York, and charged plaintiff with PL 165.30(2) 'Fraudulent accosting'.

10.      Plaintiff, however, did not accost and/or intend to defraud any individual of money or other property, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11.      Prior to the arrest, plaintiff was at the bus stop waiting to catch the bus when he was suddenly accosted and arrested by defendant officers.

12.     Following the arrest, defendant officers tightly handcuffed the plaintiff with his hands placed behind his back.

13.     Defendant officers then subjected the plaintiff to an illegal and warrantless search.

14.     Defendant officers' illegal and warrantless search of the plaintiff did not yield any contraband.

15.     Notwithstanding the above, defendant officers forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to NYPD-103rd Precinct.

16.     After detaining the plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment.

17.     While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

18.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff accosted and/or intended to defraud certain unknown individuals of money or other property.

19.     Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiff.

20.     The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

21.     As a result, the prosecutors declined to prosecute the plaintiff.

22.     On or about August 23, 2015, after detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

23.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

24.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

25.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

26.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, conspiracy, fabrication of evidence, denial of equal protection of the laws, discrimination and denial of due process rights.

28.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

29.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

30.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their

properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

32.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

33.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

34.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-103rd Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Tyrone Jackson v. City of New York* (13 CV 3589); *Stephanie Fulmore v. City of New York* (09 CV 3119).

35.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

36.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

37.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

38.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

40.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

42.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

43.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44.      The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, breach of special duty or relationship, harassment, fraud, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

45.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      January 25, 2016

UGO UZOH, P.C.
/s/
_____

By:    Ugochukwu Uzoh (UU-9076)
      Attorney for the Plaintiff
      304 Livingston Street, Suite 2R
      Brooklyn, N.Y. 11217
      Tel. No: (718) 874-6045
      Fax No: (718) 576-2685
      Email: u.ugochukwu@yahoo.com